FILED

00 MAY 16 P...

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAY 1 6 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND DENNIS EARL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | CIVIL ACTION NO. 96-H-1051-S |
| | ) | |
| OFFICER BETTY STEVENSON, | ) | |
| WARDEN ROY HIGHTOWER, | ) | |
| OFFICER THOMAS RAY, and | ) | |
| OFFICER GRANT CULLIVER, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF OPINION

Before the Court is the magistrate judge's report and recommendation entered April 25, 2000. The plaintiff has filed objections to the recommendation that the summary judgment motions of defendants Thomas Ray, Grant Culliver, and Roy Hightower be granted. The court will briefly address certain of the plaintiff's objections.

The report and recommendation pointed out the lack of evidence that Ray or Culliver knew that inmate Rivers posed a threat to the plaintiff. The plaintiff states in his objections that Rivers threatened the plaintiff in Ray's presence. The plaintiff further states in his objections that the plaintiff made Culliver aware of the fact --- he does not state how --- that he needed a bed change to avoid a conflict with Rivers. The plaintiff makes these statements for the first time, even though he was instructed in the subject report and recommendation that a party's right to file objections was not an opportunity to make new allegations or to present additional evidence; the plaintiff

had also been so informed in the original report and recommendation. As the plaintiff may not make new allegations or submit new evidence through his objections to the report and recommendation, the court will not consider the said statements.[1]

The court has considered the entire file in this action, together with the Magistrate Judge's Report and Recommendation and the objections of the plaintiff, and has reached an independent conclusion that the Magistrate Judge's Report and Recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the Magistrate Judge as the findings and conclusions of the court. Accordingly, the summary judgment motions of defendants Roy Hightower, Thomas Ray, and Grant Culliver are due to be granted and this action dismissed as to them, while defendant Betty Stevenson's motion for summary judgment is due to be denied; the failure to protect claim against Stevenson should proceed to trial. An appropriate order will be entered.

DONE, this 16th day of MAY, 2000.

JAMES H. HANCOCK
SENIOR JUDGE

---

[1] The objections were neither sworn nor submitted under penalty of perjury, and for that reason could in no event be considered evidence.

The plaintiff further states in his objections that defendant Ray has not answered the plaintiff's interrogatories, and the plaintiff asks the court to order him to answer. The record shows that the plaintiff filed a "Motion for Contempt" on August 13, 1998, wherein he asked that Ray be found in contempt for failing to answer the plaintiff's interrogatories. The record further shows, however, that the plaintiff's motion was denied because Ray had answered the plaintiff's interrogatories, as evidenced by his filing a copy of his answers with the clerk on July 8, 1998.